**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000181**
**28-MAR-2013**
**09:52 AM**

NO. CAAP-10-0000181

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN RE:   MARN FAMILY LITIGATION

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(MASTER FILE NO. 00-1-MFL)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Appellant Alexander Y. Marn (Alexander) appeals pro se from the October 25, 2010 Partial Final Judgment entered by the Circuit Court of the First Circuit (Circuit Court).[1] The Partial Final Judgment entered judgment against Alexander as to the claims that he asserted in Civil No. 98-4706-10 (Buy-out Lawsuit) and as to the claims that were asserted against him in Civil No. 98-5371-12 (Judicial Accounting Lawsuit). The Partial Final Judgment was certified for immediate appeal pursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure and Alexander timely filed his appeal.

Before consideration of the merits of Alexander's appeal, we must address the argument of all three appellees that Alexander's opening brief violates multiple aspects of Rule 28 of the Hawai'i Rules of Appellate Procedure (HRAP) and therefore warrants dismissal of this appeal. We conclude that Alexander's opening brief does not comply with HRAP Rules 28 (a), (b)(1),

---

[1]      The Honorable Victoria S. Marks and the Honorable Rhonda A. Nishimura presided.

(b)(3), (b)(4), (b)(5), (b)(7), and (b)(10) and based on the pervasive and substantial nature of these violations, dismiss this appeal.

In his opening brief, Alexander attempts to incorporate by reference arguments made in briefs filed in other appeals. He asks that "such references and observations be provided its full weight and gravity as may be permitted under the HRAP rules governing Appellant's Opening Brief."

Parties are not permitted to incorporate by reference arguments made in briefs filed in other appeals or in the trial-level proceedings. The Hawai'i Supreme Court has explicitly rejected such a practice, holding that it violates HRAP Rule 28(a). See Kapiolani Commercial Ctr. v. A & S P'ship, 68 Haw. 580, 584, 723 P.2d 181, 184-85 (1986). Accordingly, Alexander was prohibited from asserting arguments by reference and we only address those arguments made in his opening brief filed in this appeal.

Alexander also references an "Exhibit 8" filed with this court and coded as a Supplemental Opening Brief along with other exhibits in support of his Opening Brief, arguing that it serves as a factual record of court proceedings and that it provides an index -- as permitted by HRAP Rule 28(a) -- that allows the court to locate necessary evidence. However, a review of Exhibit 8 demonstrates that it is replete with Alexander's arguments and characterizations of statements contained in transcripts from the trial-court proceedings. For example, Alexander states, "For Court to instruct Rec'r to file reasons for his involvement in trial shows how this court is willing to allow biases to be inserted in the trial proceedings." Moreover, aside from references to the transcripts, Exhibit 8 includes only one reference to the record on appeal and, thus, does little to help the court locate the evidence. In sum, Exhibit 8 is not a court record or an index. Instead, Exhibit 8 is an attempt to add more than twenty pages of briefing and, when combined with Alexander's forty-six-page opening brief, the documents violate HRAP 28(a), even as modified by this court's

order granting him leave to file a fifty-page opening brief. As Exhibit 8 consists of a document not part of the record, its attachment to the brief is also a violation of HRAP Rule 28(b)(10).

The table of authorities included in Alexander's opening brief is not a table of authorities. Instead, it merely states, "Please refer to the TABLE OF AUTHORITIES cited in prior filings under ICA Case ID No. 29601, Opening Brief, filed June 8, 2009, dkt 74 [four (4) pages], as may be applicable." On its face, this clearly does not comply with the rule's requirement that an opening brief include "a table of authorities listing the cases, alphabetically arranged, text books, articles, statutes, treatises, regulations, and rules cited, with references to the pages in the brief where they are cited." HRAP 28(b)(1). The statements provided in the table-of-authorities section highlights the absence of any good-faith effort to comply with HRAP 28(b)(1).

> Our appellate rules require a
> concise statement of the case, setting forth the nature of
> the case, the course and disposition of proceedings in the
> court or agency appealed from, and the facts material to
> consideration of the questions and points presented, with
> record references supporting each statement of fact or
> mention of court or agency proceedings.

HRAP Rule 28(b)(3). Additionally, it requires the appellant to include all supporting and contradictory evidence in summary fashion, with appropriate record references. Id.

The statement of the case in Alexander's opening brief does not describe the nature of the case or the course and disposition of proceedings, nor does it include any citations to the record or any relevant contrary facts. Given these deficiencies, Alexander's opening brief also does not comply with Rule HRAP 28(b)(3).

Most problematic is Alexander's points of error. Alexander lists seventeen items. His entire point on appeal section, is reproduced below:

> At this stage, Appellant raises ICA's attention to
> those areas "observed" to be highly questionable from a
> [sic] Appellant's view point, and are introduced here,

3

although it may not be listed in priority of importance, nor is it a totally comprehensive list due to shortness of time to research twelve (12) years of records on appeal and timely file this opening brief:

1)   Jury demanded trial vs. bench trial

2)   Buy out case predates all suits filed, but tried after judicial accounting.

  •     The chronological reversing of trial sequence is biased.

3)   Role of the receiver

4)   The special accounting master "expert" PWC selected by the Court.

5)   Quantum meruit denied by untimely submittal and statute of limitations.

6)   Court decisions based on false statements of fact in hearing.

7)   Denial of access to records of the partnership.

8)   The transcripts of the proceedings cast a special light on the case.

9)   Court treatment of Defendants' compensation inequitable

10)  Court aware of every partner owed in excess of $1.0 m to the business

  •     PWC letter to Judge Marks dated April 8, 2005.

  •     Punitive damages applied to 2 of 4 partners only

11)  Court's eagerness to find fault with Defendant's defense at 'every turn'.

  •     Quantum meruit misses short timing, due to counsel's newness to case, but is an excessively harsh denial of defendant's claims

12)  Receiver's analysis of partners' equity on liquidation is highly unreliable.

  •     Executive summary (3/17/08) vs. Credit Bid Analysis (9/11/10) are worlds apart. Self serving misinformation disseminated.

13)  Selective withholding of Rule 54(b) certification for appeal

14)  Defendant's annual compensation (actual vs. market, per PWC)

15)  Defendant's bid to purchase MSC property under procedures established by the Receiver derailed by last minute insertion by Receiver of requirement for majority interest approval required for issuance of clear title to property.

16)  Trial Standards: Quantum of Proof - Hawaii Rule of
     Evidence, Rule 304

     •     Preponderance of evidence vs. Clear and
           Convincing evidence.

17)  Distribution History and Performance

     •     PWC report pg. 134 & JYM testimony (see Tr.
           6/8/06 at 42-43)

     Because of the limited time and page limits
established by ICA Order filed March 28, 2011 (see dkt 65 at
2), and Appellant's appeal attorney in a prior assignment
has provided much research and submitted legal briefs to ICA
covering several of the critical issues and basis for our
appeal, Appellant will be making liberal references to those
Briefs, Replies, legal references and filings submitted with
ICA on behalf of Appellant as part of this brief.  Appellant
is not an attorney by education or training, but
incorporates "observations" of the proceedings which
Appellant believes demonstrates violations of law and ask
whether the proceeding under these violations afforded
Defendant a fair and equitable adjudication of the dispute
before the lower court.  Appellant respectfully requests
that such references and observations be provided its full
weight and gravity as may be permitted under the HRAP rules
governing Appellant's Opening Brief.

The opening brief must include "[a] concise statement
of the points of error set forth in separately numbered
paragraphs" with each point stating "the alleged error committed
by the court," "where in the record the alleged error occurred,"
and "where in the record the alleged error was objected to or the
manner in which the alleged error was brought to the attention of
the court[.]"  HRAP Rule 28(b)(4).

Here, very few of Alexander's asserted points of error
specify actions taken by the Circuit Court.  Additionally, none
of the points of error identify where in the record the alleged
error occurred or identify where in the record the alleged errors
were objected to.  These failings are not cured elsewhere in the
brief.  See Marvin v. Pflueger, 127 Hawai'i 490, 497, 280 P.3d
88, 95 (2012); see also In re Estate of Damon, 119 Hawai'i 500,
504, 199 P.3d 89, 93 (2008) (finding that appellant's opening
brief "sufficiently satisfies" the requirements of HRAP 28(b)(4)
when the necessary citations are located elsewhere in the brief)
Accordingly, Alexander Marn's opening brief does not comply with
HRAP 28(b)(4).

The standard-of-review section of Alexander's opening brief states, "The standard of review statements contained in Appellant's Opening Brief in ICA case 29601 filed on June 5, 2009 is directly on point, and is hereby incorporated by reference."

HRAP 28(b)(5), however, requires the section to "set[] forth the standard or standards to be applied in reviewing the respective judgments, decrees, orders or decisions of the court or agency alleged to be erroneous and identify[] the point of error to which it applies." Alexander's opening brief fails to comply with these provisions. First, as discussed above, under the HRAP, Alexander is not permitted to incorporate substantive portions of briefs filed in other appeals. See Kapiolani Commercial Ctr., 68 Haw. at 584, 723 P.2d at 184-85. Second, even assuming he may incorporate a standard of review from a brief filed in a separate appeal, he does not identify the point of error to which the standard applies and the standard described in the other appeal does not apply to Alexander's asserted points of error in this appeal. Therefore, Alexander's opening brief violates HRAP 28(b)(5).

Rule 28(b)(7) of the HRAP states:

> The argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. The argument may be preceded by a concise summary. Points not argued may be deemed waived.

HRAP 28(b)(7). Relying on this rule, the Hawai'i appellate courts have consistently acknowledged that they may disregard matters as to which the appellant has failed to present a discernible argument. See, e.g., Norton v. Admin. Dir. of the Court, 80 Hawai'i 197, 200, 908 P.2d 545, 548 (1995); Kaho'ohanohano v. Dep't of Human Servs., 117 Hawai'i 262, 297 n.37, 178 P.3d 538, 573 n.37 (2008). At a minimum, the argument must comply with the provisions of the rules: It must relate to the points presented, and include the party's reasons, citation to legal authority and the parts of the record relied upon in establishing the errors identified in the points.

Each of Alexander's arguments, even considering that he is a pro se litigant, albeit highly experienced, is fatally flawed. For example, in support of his first point of error, "Jury demanded trial vs. bench trial," Alexander again improperly incorporates by reference his opening brief in another appeal, refers to an exhibit attached to his brief,[2] alleges facts without record citations, observes that the issue turns on whether he was entitled to a jury trial but does not provide any legal authority for his position. For another example, Alexander includes a section of his argument entitled "THE SPECIAL ACCOUNTING MASTER "EXPERT" PWC SELECTED BY THE COURT," which we take as support for his fourth point on appeal. This section does not articulate any particular error attached to the Circuit Court's selection of PWC but, instead, focuses on the Circuit Court's findings of fact related to the PWC report.

As discussed above, Alexander's opening brief does not comply with the following subsections of HRAP Rule 28: (a), (b)(1), (b)(3), (b)(4), (b)(5), (b)(7), or (b)(10). Rule 28(b)(4) states, "Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented." Likewise, HRAP Rule 28(b)(7) provides, "Points not argued may be deemed waived." HRAP Rule 30 states, "When the brief of an appellant is otherwise not in conformity with these rules, the appeal may be dismissed or the brief stricken and monetary or other sanctions may be levied by the appellate court." Accordingly, it is within the court's discretion to disregard non-complying aspects of the brief, dismiss Alexander's appeal, or strike the brief. HRAP Rules 28(b)(4) and 30; see Sprague v. Cal. Pac. Bankers & Ins. Ltd., 102 Hawai'i 189, 195, 74 P.3d 12, 18 (2003). The Hawai'i appellate courts have exercised this discretion. See, e.g., Kaho'ohanohano, 117 Hawai'i at 297 n.37, 178 P.3d at 573 n.37; Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 478-79, 164

---

[2] This Exhibit 6 includes a two-page document entitled "Summary-Orders Setting Trial" that is not part of the record in this appeal and therefore constitutes another violation of HRAP Rule 28(b)(10).

P.3d at 696, 736-37 (2007); <u>Taomae v. Lingle</u>, 108 Hawai'i 245, 257, 118 P.3d 1188, 1200 (2005); <u>Kawamata Farms, Inc. v. United Agri Products</u>, 86 Hawai'i 214, 235, 948 P.2d 1055, 1076 (1997).

But the rule has not been applied in an unthinking, mechanical fashion, even when multiple violations appear in an opening brief. <u>See, e.g.</u>, <u>Housing Fin. & Dev. Corp. v. Ferguson</u>, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-12 (1999) (addressing the merits of certain issues even though the appellant's opening brief did not comply with HRAP 28(b)(1), (b)(3), (b)(4), or (b)(9)). Instead, the Hawai'i judiciary "has consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" <u>Morgan v. Planning Dept., County of Kauai</u>, 104 Hawai'i 173, 180-81, 86 P.3d 982, 989-90 (2004) (quoting <u>O'Connor v. Diocese of Honolulu</u>, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994)); <u>see also, e.g.</u>, <u>State v. Andres</u>, 125 Hawai'i 497, 497 n.2, 264 P.3d 676, 677 n.2 (App. 2011); <u>Citicorp Mortg., Inc. v. Bartolome</u>, 94 Hawai'i 422, 432-35, 16 P.3d 827, 837-40 (App. 2000); <u>State v. Topasna</u>, 94 Hawai'i 444, 455-56, 16 P.3d 849, 860-61 (App. 2000).

"This is particularly so where the remaining sections of the brief provide the necessary information to identify the party's argument." <u>Marvin</u>, 127 Hawai'i at 496, 280 P.3d at 94; <u>see also</u> <u>In re Estate of Damon</u>, 119 Hawai'i at 504, 199 P.3d at 93 (finding that appellant's opening brief "sufficiently satisfies" the requirements of HRAP Rule 28(b)(4) when the necessary citations are located elsewhere in the brief); <u>Liki v. First Fire & Cas. Ins. of Hawaii, Inc.</u>, 118 Hawai'i 123, 126 n.3, 185 P.3d 871, 874 n.3 (App. 2008) (reaching the merits where the appellant "substantially complied" with HRAP 28(b)(4), non-compliance was not material in circumstances of case, and appellant cured defect in reply brief).

The case law highlights that the critical inquiry is not whether the appellant perfectly complied with the technical requirements of HRAP Rule 28 regarding the form of the opening brief but whether the appellant's opening brief complies with the substantive underpinnings of the rule: Whether the content of

8

the brief permits (1) the appellee to respond to issues raised by the appellant without having to guess as to the appellant's intent and (2) the reviewing court to assess the merits without doing the appellant's work for him or her.

To the former point, the appellees contend that Alexander's non-compliance with HRAP Rule 28 prejudices them. For example, Appellee James K.M. Dunn states that the attempts to incorporate arguments by general reference makes it difficult to determine what is actually being appealed. Appellee James Y. Marn, Jr. (James) asserts that Alexander's failure to provide a description of the nature of the case or the course and disposition of proceedings is prejudicial because it does not identify the facts that Alexander believes are material to his appeal and his failure to cite the record requires the appellee and the court to comb through thousands of pages of the record. James also explains that the record is particularly voluminous and, thus, Alexander's non-compliance with HRAP Rule 28(b)(4) places a heavy burden on the appellees and the court. Similarly, Liquidating Receiver Thomas B. Hayes contends that the points of error do not comply with HRAP Rule 28(b)(4) because Alexander may not just cite to briefs filed in other appeals and his failure to provide record citations burdens the court, which must then search through the voluminous records in the case. Finally, James asserts that Alexander's non-compliance with HRAP Rule 28(b)(5) requires the appellees and the court to parse the lengthy opening brief in hopes of discovering error, guess its nature, and then provide the correct standard.

To the latter point, the ICA has explained, "Noncompliance forces this court to speculate on the what and the why of the appeal. It also forces us to do the work that is more properly done by the appellant." Wright v. Chatman, 2 Haw. App. 74, 76, 625 P.2d 1060, 1062 (1981); see also Sanchez v. Miller, 792 F.2d 694, 703 (7th Cir. 1986) ("[I]t is not the obligation of this court to research and construct the legal arguments open to parties."). The U.S. Court of Appeals for the Fourth Circuit explained the rationale for the reluctance of the courts to

9

construct legal arguments on behalf of the parties as follows, "[t]o do so would not only strain judicial resources . . . but would also transform the []court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Here, the number and nature of Alexander's violations weigh in favor of dismissal. First, Alexander's non-compliance with HRAP 28(b)(1) suggests a willful disregard for the court's rules. Creating a table of authorities requires no specialized legal knowledge and another (non-identical) brief's table of authorities simply cannot serve the function of the table. Despite these factors, Alexander chose not to comply with the clear command of HRAP Rule 28(b)(1).

Second, Alexander's non-compliance with nearly every other subsection of HRAP Rule 28(b) makes it extremely difficult to discern his arguments. For example, his citations to the record and his discussion of the trial-level proceedings are difficult to follow. If he had fully complied with HRAP 28(b)(3), (b)(4), or (b)(7), the court would not have to sift through the very voluminous record that has more than a hundred volumes. See Omerod v. Heirs of Kaheananui, 116 Hawai'i 239, 263, 172 P.3d 983, 1007 (2007) ("Further, this court is not obligated to sift through the record, which in this case comprises nineteen volumes totaling more than 6,000 pages, in order to determine the specific nature of the errors asserted but not documented."). Additionally, Alexander rarely indicates where or whether he objected to a specific finding of fact or conclusion of law, which makes the applicable standard of review hard to ascertain. The general incoherence of his argument section is particularly troublesome, leaving it to the appellees and the court to formulate his complaints into a semblance of a legal argument.

Third, the appellees' assertions of prejudice appear well-founded and, thus, their requests for the court to strike Alexander's opening brief and/or dismiss the appeal are

reasonable.  Cf. Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship, 115 Hawai'i 201, 212, 166 P.3d 961, 972 (2007) (noting that appellees did not claim prejudice as part of its determination to not dismiss the appeal for failing to comply with HRAP Rule 28(b)(4)).

Furthermore, to the extent that they can be discerned, Alexander's arguments do not implicate any significant legal question of broad applicability.  Cf. Morgan, 104 Hawai'i at 181, 86 P.3d at 990 ("Accordingly, because the issues raised in the instant case are of great importance, we address the merits of the issues raised by the Planning Department and Planning Commission, notwithstanding the technical violation of HRAP Rule 28(b)(4)."); Ala Moana Boat Owners' Ass'n v State, 50 Haw. 156, 159-60, 434 P.2d 516, 518-19 (1967) (choosing to address appellant's main contention because it involved an important question relating to the Hawaii Administrative Procedures Act).

Finally, Hawai'i appellate courts generally are more forgiving of technical flaws in pro se parties' briefs.  See, e.g., Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 193, 268 P.3d 443, 446 (App. 2011) (addressing pro se appellant's arguments, to the extent they can be reasonably discerned, even though his opening brief does not meet the requirements of HRAP 28(b) in a variety of ways, including a failure to cite appropriately to the record and to provide authority in support of his arguments); see also Giuliani v. Chuck, 1 Haw. App. 379, 385-86, 620 P.2d 733, 737-38 (1980) ("The rules [of civil procedure] do not require technical exactness or draw refined inferences against the pleader; rather, they require a determined effort to understand what the pleader is attempting to set forth and to construe the pleading in his favor.  This is particularly true when a court is dealing with a complaint drawn by a layman unskilled in the law.").  But "[t]he right of self-representation is not a license to abuse the dignity of the courtroom" and "[n]either is it a license not to comply with the relevant rules of procedural and substantive law."  Lepere v. United Pub. Workers Local·646, AFL-CIO, 77 Hawai'i 471, 473 n.2, 887 P.2d

1029, 1031 n.2 (1995) (quoting <u>Faretta v. California</u>, 422 U.S. 806, 834 n.46 (1975)) (internal quotation marks omitted). The special solicitude afforded pro se parties is not necessarily warranted where the party is an experienced litigant, as is Alexander. See <u>Tracy v. Freshwater</u>, 623 F.3d 90, 102 (2nd Cir. 2010).

Therefore, this appeal from the Partial Final Judgment entered by the Circuit Court of the First Circuit on October 25, 2010 is dismissed.

DATED: Honolulu, Hawai'i, March 28, 2013.

On the briefs:

Alexander Y. Marn,
Appellant, pro se.

Presiding Judge

Michael L. Freed,
for Plaintiff-Appellee
James Y. Marn, Jr.

Associate Judge

Steven Guttman and
Miriah Holden,
(Kessner Umebayashi Bain &
Matsunaga)
for Plaintiff-Appellee
James K.M. Dunn, as Successor
Trustee of the Annabelle Y.
Dunn Trust, Dated June 18,
1991.

Associate Judge

Louise K.Y. Ing,
Tina L. Colman, and
Andrew D. Smith,
(Alston Hunt Floyd & Ing),
for Liquidating Receiver
Thomas E. Hayes.